UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
In re:                                                                    Chapter   11

4921 12th Avenue, LLC,                                        Case No. 18-47256-cec

                              Debtor

-----------------------------------------------------------------X

Mark Frankel as Plan Administrator for 4921 12th
Avenue LLC,

                          Plaintiff,                                Case No. 19-01120-cec

      -against-

Yehuda Salamon, David Salamon, Yidel's Shopping
Cart, Inc, E-Commerce Expand, LLC, Yidel's Online
Food Station, LLC, Yidels Shopping Cart, Inc. d/b/a
Riverstone Group, Riverstone USA, LLC and "John Doe
1 through John Doe 10, the last ten names being fictitious
And unknown to Plaintiff, person or persons intended
Being persons, corporations or others, being the current
And former tenants or occupants of the Debtor's real
Property located at 4917-4921 12th Avenue, Brooklyn, \
New York,
                          Defendant.
-----------------------------------------------------------x

## MOTION TO DISMISS AND MOTION FOR
## WITHDRAWAL OF REFERENCE

      David Salamon (the "Defendant") through his attorney, Phillip Mahony, Esq., hereby moves this court pursuant to Federal Rule of Civil Procedure ("F.R.Civ.P.") No. 12(b)(6), made applicable by Federal Bankruptcy Rule ("Bank. Rule") No. 7012, for an Order dismissing this Adversary Proceeding Complaint (the "Complaint") as it pertains to the Defendant on the grounds that the Plaintiff has failed to state a claim against the Defendant upon which relief can be granted.

      The Defendant demands that the motion to dismiss be heard by an Article III judge and thus prays for withdrawal of reference. The Defendant does not consent to the

1

bankruptcy court jurisdiction, nor does he waive the jurisdictional objection by filing this motion with the bankruptcy court docket.

## STATUTORY PREDICATE

1. Bank. Rule 7012 ("Defenses and Objections – When and How Presented – by Pleading or Motion – Motion for Judgment on the Pleadings") states in relevant part:

> (b) F.R.Civ.P. 12(b)(i) applies in adversary proceedings. A responsive pleading shall include a statement that the party does or does not consent to entry of final orders of judgmenet by the bankruptcy court.

2. F.R.Civ.P. 12(b) states in relevant part:

> Every defense to a claim for relief in any pleading must be asserted in the responsive pleading if one is required. But a party may assert the following defenses by motion:
> (6) failure to state a claim upon which relief can be granted

## SUMMARY OF FACTS

3. The Complaint is comprised of several fraudulent transaction allegations made against the Defendant, against Yehuda Salamon, (the Defendant's father) and against five companies (the "Defendant Companies") that the Plaintiff alleges are owned and/or controlled by the Defendant's father and/or the Defendant.

4. The allegations made in the Complaint against the Defendant Companies charge that they were active participants in the alleged fraudulent transactions in that they either "transferred" or "re-transferred" assets fraudulently.

5. The allegations made against the Defendant's father also charge that he was an active participant in the alleged fraudulent transactions in that he either "directed" (¶ 108) or "caused" (¶ 110) transfers to be made or that such transfers were "made at his direction" (¶¶ 120, 121).

6. No such allegations, however, are made in the Complaint against the Defendant. Nowhere is it alleged that the Defendant – either individually or in his alleged

2

role of owner or controller of any of the Defendant Companies – transferred, re-transferred, or otherwise directed or caused any transfers to be made or benefitted from any transfers that may have been made.

7. The Complaint also makes no specific allegation as to exactly what the Defendant's role is in the Defendant Companies. The Complaint alleges repeatedly that the Defendant is the "alter ego" of one or more of the Defendant Companies (¶125, 131, 137), but the term "alter ego" when applied to an individual person, generally means another person, a "second self or different version of oneself" (mirriam-webster.com) and has no meaning in this context.

8. The Complaint therefore fails to make, never mind substantiate, any cohesive allegations against the Defendant either personally or as the result of his alleged relationship to the Defendant Companies.

9. On information and belief, the Defendant's role in the fraudulent transactions alleged in the Complaint was already explored in conjunction with *Galster Funding, LLC v. Yehuda Salamon*, (Kings Supreme Court, index # 520434/2016), one of the four pending state court actions involving the Defendants and two mortgage companies that underlies the Complaint. The Defendant states he was deposed by attorneys for the mortgage companies as part of that matter. The fact that he was not subsequently added as a Defendant to that matter or that a separate matter was initiated against him strongly suggests that the Plaintiff has no cause of action against the Defendant, and is including him in this Complaint only because he hopes that be casting a wide net in hopes to develop a case against the other defendants.

**ANALYSIS**

10. It is widely held that a Complaint must include at least enough details to "raise a right to relief above the speculative level." *Bell Atl. Corp. v Twombly*, 550 US 544, 555 (2007). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does

3

not need detailed factual allegations, a plaintiff's obligation to provide grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not due. *Id*. (Internal citations omitted); *See also Iqbal v Hasty*, 490 F3d 143, 158 (2d Cir 2007) (Interpreting the Supreme Court's *Twombly* ruling as "requiring a flexible 'plausibility standard,' which obliges a pleader to amplify a claim with some factual allegations in those contexts where such amplification is needed to render the claim plausible."

11. Clearly, the Plaintiff has not raised his right to relief above the speculative level. The Complaint has made no allegations against the Defendant either individually or as a member of the Defendant Companies, and therefore has failed to state a claim against the Defendant upon which relief can be granted.

WHEREFORE, the undersigned respectfully requests the entry of an Order granting the relief requested, and that the Court grant such other and further relief it deems just and proper including withdrawal of reference.

Dated:  Astoria, New York

November 8, 2019

*/s/ Phillip Mahony*
Phillip Mahony, Esq.
MahonyLaw LLC
Steinway Law Offices
21-83 Steinway Street
Astoria, NY 11105
Phone 917-414-6795
FAX 844-269-2809
phill@mahonylaw.com

4